IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PRESTON WAYNE WALTERS,** : | | |
|     Plaintiff : | | |
| : | No. 1:21-cv-01290 | |
|     v. : | | |
| : | (Judge Kane) | |
| **LAUREL HARRY, et al.,** : | | |
|     Defendants : | | |

**MEMORANDUM**

Pending before the Court is Defendants' motion to partially dismiss the second amended complaint filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 75.) For the reasons set forth below, the Court will grant the motion.

I.  **BACKGROUND**

   A.  **Procedural Background**

Pro se Plaintiff Preston Wayne Walters ("Plaintiff"), who is a convicted and sentenced state prisoner in the custody of the Pennsylvania Department of Corrections, is currently incarcerated at State Correctional Institution Mahanoy in Frackville, Pennsylvania. On July 23, 2021, he commenced the above-captioned action by filing an original complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging violations of his Eighth and Fourteenth Amendment rights, as well as claims of medical malpractice, based primarily on allegations that he had been denied adequate medical care while incarcerated at State Correctional Institution Camp Hill ("SCI Camp Hill") in Camp Hill, Pennsylvania. (Doc. No. 1.)[1] In the original complaint, Plaintiff named the following individuals as defendants: Laurel Harry ("Harry"), the "Facility Manager (Superintendent)" at SCI Camp Hill; Beth Herb ("Herb"), the "CHCA - Medical Director" at SCI Camp Hill; and David Edwards ("Edwards"), the "Acting Medical Director" at

---

[1] Plaintiff paid the requisite filing fee in this matter on July 30, 2021.

SCI Camp Hill. (Id. at 1, 2-3.) In addition to the complaint, Plaintiff also filed his first motion for the appointment of counsel. (Doc. No. 3.)

On August 2, 2021, the Court directed service of Plaintiff's original complaint on the named defendants, but denied without prejudice his first motion for the appointment of counsel. (Doc. Nos. 6, 7.) Thereafter, Plaintiff filed a document with the Court, stating that Defendant Edwards had notified Plaintiff of his intent to seek judgment in his favor, pursuant to Rule 1042.7 of the Pennsylvania Rules of Civil Procedure, based upon Plaintiff's failure to file a certificate of merit. (Doc. No. 31 at 1.) Plaintiff also filed a motion for an extension of time to file a certificate of merit (Doc. No. 29), a motion for the Court to subpoena Dr. Julian Gutierrez ("Gutierrez") for a certificate of merit (Doc. No. 30), a motion for an extension of time to subpoena Gutierrez for a certificate of merit (Doc. No. 36), and second and third motions for the appointment of counsel (Doc. Nos. 31, 38).

In an Order dated September 15, 2021, the Court granted Plaintiff's motion for an extension of time to file a certificate of merit and directed him to file his certificate within sixty (60) days. (Doc. No. 40.) However, the Court denied Plaintiff's motion for the Court to subpoena Gutierrez and for an extension of time to subpoena Gutierrez. (Id.) In addition, the Court conditionally granted Plaintiff's motions for the appointment of counsel, but deferred a referral of this action to the Chair of the Federal Bar Association's Pro Bono Committee for purposes of attempting to find counsel until responsive pleadings have been filed. (Id.) Finally, the Court directed Plaintiff to refrain from filing any more submissions, with the exception of a certificate of merit and responses to any motions filed by the defendants. (Id.)

In October of 2021, the defendants filed their motions to dismiss Plaintiff's original complaint. (Doc. Nos. 43, 44.) On October 14, 2021, Plaintiff filed a combined brief in

2

opposition to those motions, along with a motion to amend, which purported to be his proposed amended complaint. (Doc. Nos. 46, 47.) In an Order dated October 18, 2021, the Court granted Plaintiff's motion to amend and denied as moot the defendants' motions to dismiss. (Doc. No. 48.) The Court also directed the Clerk of Court to file Plaintiff's amended complaint (Doc. No. 46) as a separate docket entry in this matter. (Doc. No. 48.) Defendants Harry, Herb, and Edwards were once again named as defendants in the amended complaint (Doc. No. 49), and on October 29, 2021, they filed their motions to dismiss Plaintiff's amended complaint (Doc. Nos. 51, 54).

On November 19, 2021, Plaintiff filed a combined motion to exceed word limit and to amend his amended complaint. (Doc. No. 59.) With respect to his request to amend, Plaintiff sought to add an Eighth Amendment claim against Justin Rutherford, a physician's assistant at SCI Camp Hill. (Id. at 1-2.) In an Order dated December 6, 2021, the Court denied, as unnecessary, Plaintiff's request to exceed the word limit, because he had not filed a brief that exceeded the five thousand (5,000) word limit set forth in the Court's Local Rules. (Doc. No. 61 at 2 (citing M.D. Pa. L.R. 7.8(b)(2)).) However, the Court granted Plaintiff's request to amend his amended complaint, and the Court directed him to file a complete second amended complaint within thirty (30) days. (Doc. No. 61 at 3.) The Court held in abeyance the defendants' motions to dismiss the amended complaint (Doc. Nos. 51, 54) and explained that, if Plaintiff did not file a second amended complaint, this action would proceed on his amended complaint, and the Court would consider the defendants' motions at that time. (Doc. No. 61 at 3-4.)

On December 28, 2021, Plaintiff filed, within the thirty (30) day deadline, a second amended complaint pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment rights, based primarily on allegations that he was denied and delayed

3

adequate medical care while incarcerated at SCI Camp Hill.  (Doc. No. 64.)  Although Plaintiff originally sought leave to amend in order to add an Eighth Amendment claim against Justin Rutherford (Doc. No. 59 at 1-2), the second amended complaint does not name Justin Rutherford as a defendant.  (Doc. No. 64.)  Instead, it names Defendants Harry and Herb, both of whom were named in the original and amended complaints, as well as several new defendants: First Name Unknown Davis ("Davis"), a "Kitchen Supervisor" at SCI Camp Hill; Aaron Show ("Show"), a "Kitchen Line Instructor" at SCI Camp Hill; and the "Medical Department" at SCI Camp Hill ("Medical Department") (collectively, "Defendants").  (Id. at 1, 2-3.)  The second amended complaint also does not name Edwards as a defendant.  (Id.)

In addition to the second amended complaint and the exhibits attached thereto (Doc. No. 64-1), Plaintiff filed the AO 398 and 399 forms—i.e., the Notice of Lawsuit and Request to Waive Service of a Summons and Waiver of the Service of Summons (Doc. No. 65).[2]  Thereafter, on March 4, 2022, the Court directed the Clerk of Court to serve a copy of the second amended complaint on the newly named Defendants—i.e., Defendants Davis, Show, and the Medical Department.  (Doc. No. 69.)  In the interest of administrative judicial economy, the Court requested that they waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  (Id.)  Defendants Davis, Show, and Medical Department collectively filed their waiver of service on March 23, 2022.  (Doc. No. 72.)

Then, on May 4, 2022, Defendants filed a motion to partially dismiss the second amended complaint, along with a brief in support thereof.  (Doc. Nos. 75, 76.)  Following an

---

[2]  Plaintiff has changed the spelling of "Aaron Show" in the second amended complaint to "Aaron Shaw" in the AO 398 and 399 forms.  Compare (Doc. No. 64 at 1, 3) with (Doc. No. 65 at 7-8).  For now, the Court will use the spelling that is contained in Plaintiff's second amended complaint.

4

extension of time (Doc. No. 89), Plaintiff filed his brief in opposition on October 28, 2022 (Doc. No. 91). Defendants then filed a reply brief on November 14, 2022. (Doc. No. 92.) Thus, Defendants' pending motion to partially dismiss the second amended complaint is ripe for resolution.

      **B.**      **Factual Background**

In the second amended complaint, Plaintiff asserts that the events giving rise to his claims occurred at SCI Camp Hill on July 23, 2019. (Doc. No. 64 at 4.) More specifically, Plaintiff alleges that, after someone mopped the kitchen floor, but failed "to put up a wet floor sign," he slipped and fell, sustaining significant injuries. (Id. (alleging that he broke his hip).) Plaintiff alleges that Defendants Show and Davis refused to call medical or report the incident, and they ordered him to continue working, despite his complaints of pain. (Id.) Plaintiff alleges that he sent three "sick call slips" to Defendant Medical Department in July, August, and September of 2019, regarding his slip-and-fall injury, but that Defendant Medical Department disregarded each request. (Id. (stating that he advised Defendant Medical Department that he was in pain and could barely stand or walk).) Plaintiff finally alleges that he notified Defendant Harry that the "kitchen staff" had refused him medical assistance after he slipped and fell, but that Defendant Harry refused to intervene or get Plaintiff medical assistance. (Id.) As to the injuries he suffered, Plaintiff alleges that he broke his hip, sustained a lower back injury, and lost mobility and feelings in his left foot and leg. (Id. at 5.) For relief, Plaintiff seeks compensatory damages, punitive damages, and "pain and suffering in monetary relief." (Id.)

In connection with all of these allegations, Plaintiff asserts that Defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. (Id.) In support of these claims, Plaintiff contends that the "kitchen staff" and Defendant Medical

5

Department were deliberately indifferent to his serious medical needs when (a) they refused "to call and provide medical assistance" after he slipped and fell in the kitchen and (b) when they "delay[ed] . . . provid[ing] medical assistance and treatment" to him, causing him further injury. (Id.)  Plaintiff also contends that the "kitchen staff[,]" Defendant Medical Department, and Defendant Harry violated his due process rights when they "denied [him] medical assistance and delayed medical treatment without a notice[ ] or hearing.  (Id.)

## II. LEGAL STANDARD

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests.  See Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a).  Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible.  See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted). The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation, the court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

7

### III. DISCUSSION

Plaintiff has filed his second amended complaint pursuant to the provisions of Section 1983, asserting a violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. (Doc. No. 64.) Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See id. Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." See id. (citation omitted).

#### A. Personal Involvement

Defendants argue that Defendant Herb should be dismissed from this action due to her lack of personal involvement in the alleged constitutional violations. (Doc. Nos. 75 at 1, 76 at 1, 3-4.) Defendants are correct that, in order for liability to attach under Section 1983, a plaintiff must sufficiently allege that each defendant was personally involved in the act or acts that the plaintiff claims violated his federally protected rights. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." Chavarriaga v. New Jersey Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (citing Rode, 845 F.2d at 1207); Dooley v. Wetzel, 957 F.3d 366, 374

(3d Cir. 2020) (stating that "[p]ersonal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence'" (quoting Rode, 845 F.2d at 1207)). Thus, in pursuing any Section 1983 claim against prison officials, a plaintiff may not rely exclusively on respondeat superior, see id. (citation omitted), which is a theory of liability that "arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm[.]" See Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quoting Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 692 (1978)).

Here, Defendant Herb has been named as the "CHCA - Medical Director" at SCI Camp Hill in the second amended complaint. (Doc. No. 64 at 1, 2-3.) Even though Defendant Herb is so named, the Court agrees with Defendants that there is a complete absence of allegations in the second amended complaint that would give rise to a plausible inference that Defendant Herb was personally involved in any asserted violation of Plaintiff's constitutionally protected rights. Without such allegations of Defendant Herb's personal involvement, liability cannot be imposed against her under Section 1983.

Thus, the Court finds that Plaintiff's second amended complaint fails to state a claim upon which relief can be granted against Defendant Herb. As such, the Court will grant Defendants' motion to dismiss, and the Court will dismiss Plaintiff's Section 1983 claims against Defendant Herb from the second amended complaint.

**B.     Eleventh Amendment Immunity and "Person" for Purposes of Section 1983**

Defendants argue that Defendant Medical Department should be dismissed from this action because Defendant Medical Department has Eleventh Amendment immunity and is not considered a "person" for purposes of claims asserted pursuant to Section 1983. (Doc. Nos. 75 at 1, 76 at 1, 3-4.) The Court agrees with Defendants.

"Absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." Kentucky v. Graham, 473 U.S. 159, 169 (1985); Lombardo v. Pennsylvania, 540 F.3d 190, 194 (3d Cir. 2008) (explaining that "[t]he immunity of States from suit in the federal courts is a fundamental aspect of state sovereignty"). It is well-established that the Commonwealth of Pennsylvania has not waived this immunity, see 42 Pa. Const. Stat. Ann. § 8521(b), and that Congress did not abrogate the States' Eleventh Amendment immunity in enacting Section 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989) (stating that "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties" (citation omitted)); Quern v. Jordan, 440 U.S. 332, 341 (1979) (explaining that Section 1983 does not override the States' Eleventh Amendment immunity). Further, this Eleventh Amendment immunity extends to all state agencies or departments "having no existence apart from the state." See Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) (citation omitted). As such, the DOC and its institutions and departments, such as Defendant Medical Department, are entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys. See 71 P.S. § 61(a).

Additionally, in order for Plaintiff to plausibly state a claim under Section 1983, he must allege that a "person" acting under the color of state law deprived him of his constitutional rights. See Rehberg v. Paulk, 566 U.S. 356, 361 (2012). However, a state agency, such as the DOC and its institutions and departments, are not considered "persons" for purposes of Section 1983 and, thus, are not amenable to suit under this statute. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (stating that a state agency may not be sued under Section 1983 because it is not a "person" for purposes of that statute); Foye v. Wexford Health Sources Inc., 675 F. App'x

10

210, 215 (3d Cir. 2017) (unpublished) (dismissing Section 1983 claims against the DOC and one of its institutions because they are entitled to Eleventh Amendment immunity and "are not persons subject to suit under" Section 1983).

Accordingly, for all of these reasons, the Court concludes that Plaintiff's second amended complaint fails to state a claim upon which relief can be granted against Defendant Medical Department. As a result, the Court will grant Defendants' motion to dismiss, and Plaintiff's Section 1983 claims against Defendant Medical Department will be dismissed from the second amended complaint.

### C. Leave to Amend

The only remaining issue is whether Plaintiff should be granted leave to amend his complaint. Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]" See id. The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted." See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court finds that granting Plaintiff leave to amend his claims against Defendant Medical Department would be futile, as this Defendant is immune from suit and is not a "person" for purposes of Section 1983. However, the Court cannot say that granting Plaintiff leave to amend his Section 1983 claims against Defendant Herb would be futile or would result in any apparent prejudice to Defendants. Thus, Plaintiff will be granted leave to amend his claims against Defendant Herb.

Moreover, the Court observes that Plaintiff recently filed a letter with the Court, wherein he suggests that he has submitted yet another amended pleading in this action. (Doc. No. 94.) Plaintiff appears to be referring to a document that he filed after Defendants filed their pending motion to dismiss. (Doc. No. 81.) This document is titled "Amendment to Amended Complaint with Corrections and Clearity [sic][.]" (Id.) Defendants argue, however, that this purported third amended complaint was improperly filed under the Federal Rules of Civil Procedure. (Doc. No. 92.) The Court agrees with Defendants.

Rule 15 of the Federal Rules of Civil Procedure sets forth the circumstances in which a party may amend his pleadings. See Fed. R. Civ. P. 15. Under Rule 15(a)(1), a party may amend his pleadings "once as a matter of course" within (a) 21 days after service or (b) 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. See Fed. R. Civ. P. 15(a)(1). In all other cases, a party may only amend his pleading as a matter of course "with the opposing party's written consent or the [C]ourt's leave." See Fed. R. Civ. P. 15(a)(2).

Here, Plaintiff was not permitted to amend his pleadings as a matter of course under Rule 15(a)(1) because Plaintiff did not file his third amended complaint within twenty-one (21) days after service of Defendants' motion to dismiss under Rule 12(b). In addition, Plaintiff cannot

amend his pleadings under Rule 15(a)(2) because he did not seek leave of Court or opposing counsel's written consent to do so.

However, because Plaintiff has been afforded leave to amend, Plaintiff will have the opportunity to file a new, amended pleading. Plaintiff is cautioned, however, that this will be his **final** opportunity to amend. If Plaintiff elects to file a third amended complaint, Plaintiff is advised to adhere to the standards set forth in the Federal Rules of Civil Procedure and to the directives set forth by the Court in this Memorandum. Specifically, the third amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint, amended complaint, or any other documents already filed. The third amended complaint should set forth Plaintiff's claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. In addition, the third amended complaint should specify which actions are alleged as to which Defendants. Mere conclusory allegations will not set forth cognizable claims. And, finally, should Plaintiff elect to file a third amended complaint, he must re-plead every cause of action in the third amended complaint that the Court has found to be adequately pled in the second amended complaint because the third amended complaint will supersede the second amended complaint. See Palakovic v. Wetzel, 854 F.3d 209, 220 (3d Cir. 2017) (stating that "an amended pleading . . . supersedes the earlier pleading and renders the original pleading a nullity").

The Court notes that Plaintiff may also elect, instead, to proceed on his second amended complaint in this action and, specifically, on his Eighth Amendment claims against Defendants Davis, Show, and Harry, and on his Fourteenth Amendment claim against Defendant Harry. If Plaintiff would like to proceed on his second amended complaint, and forego the filing of a third

amended complaint, he shall file a letter within thirty (30) days of the date of the Order accompanying this Memorandum, stating that he would like to proceed on his second amended complaint as it currently stands. If Plaintiff fails to timely file a letter or a third amended complaint or fails to seek an extension of time to do so, then this action will automatically proceed on the surviving claims in Plaintiff's second amended complaint, absent good cause shown.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion to partially dismiss the second amended complaint. (Doc. No. 75.) An appropriate Order follows.